UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-039 |
| | ) | Judge Phillips |
| DARIUS WRIGHT | ) | |

## **MEMORANDUM AND ORDER**

Defendant Darius Wright has filed a pro se motion for early termination of supervised release [Doc. 33]. In support of his motion, defendant states that he has completed over four years of a five-year term of supervision. Following his release from incarceration, defendant has been employed at Camping World of Knoxville for the duration of his supervision and he has been promoted several times. Defendant is currently pursuing a trade skills profession in welding at the Tennessee Applied College of Technology and is scheduled to graduate in December. Defendant states that he continues to support the daughter of his former girlfriend and he is now "in a healthy relationship" with a woman he wants to marry. Defendant states that he wants to be a husband, father, and productive member of society with a different lifestyle than his past. He further states that his family, friends, and coworkers support him and hold him accountable.

The record reflects that the defendant pled guilty to the six counts of the Indictment, charging him with conspiracy to distribute cocaine hydrochloride and cocaine base, distribution of cocaine hydrochloride and cocaine base, and distribution of cocaine hydrochloride and cocaine base within 1,000 feet of a school. On October 29, 2010, he

was sentenced to a term of imprisonment of 72 months, to be followed by a five-year term of supervised release [Doc. 29].

The Probation Office reports that the defendant began his term of supervision on July 1, 2014, and that he has maintained active employment and a stable residence during his supervision. Although defendant is not a career drug offender or a career criminal, the Probation Office notes that he has submitted positive drug screens on five occasions since beginning his term of supervision. Accordingly, the Probation Office does not recommend early termination.

A request for early termination of supervised is reviewed pursuant to 18 U.S.C. § 3583(e)(1) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of defendant's supervised release. While the defendant has complied with most of the terms of his supervised release and his commitment to advancing his education is commendable, *see* 18 U.S.C. § 3553(a)(1), it appears that he has repeatedly used illegal drugs during his supervision. *See* 18 U.S.C. § 3553(a)(2)(B) &(C). On balance, it appears to the Court that a continued period of supervised release is necessary to deter the defendant and protect the public from further criminal conduct. *See* 18 U.S.C. §§ 3553(a)(2)(C), (a)(2)(D).

Accordingly, for all of these reasons, the defendant's motion for early termination of supervised release [Doc. 33] is **DENIED**.

IT IS SO ORDERED.

                                                s/ Thomas W. Phillips
                                        SENIOR UNITED STATES DISTRICT JUDGE